THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN I. DOWNEY, Relator, against WILLIAM W. MILLS et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 24, 1944.

*Arthur T. Sawyer* and *Leon Sacks* for relator.

*Ignatius M. Wilkinson, Corporation Counsel (Simon Silver* of counsel), for respondents.

STEUER, J. The property under review is located at the southwest corner of Broadway and 68th Street. A two-story structure covers a portion of the lot. The upper story is rented at $3,000 per year. The lower story is divided into stores which, during the period under review (tax years 1942/43 and 1943/44) and for some time previous, were wholly vacant. It is conceded that this building even if rented would be incapable of producing any return over expenses. Both sides as well as the assessors have given it a nominal value and the respective experts have made the balance of the assessment on the basis of unimproved land.

The problem is, therefore, the value of unimproved land which is incapable of returning a profit unless improved. The

land could not legally have been improved during the taxable period except under circumstances so remote that consideration of the possibility is not warranted. The only purpose of owning or buying this plot would be for improvement after building restrictions are lifted. When this will be is so highly conjectural as not to be the basis of decision.

This property is not a single instance. The block to the north is vacant land used as a gas station. The opposite block is likewise vacant and is used as a storage lot for the sale of secondhand automobiles. When building in this area is resumed the prospective purchaser will have ample lands from which to make a selection. This would reduce the chances of an advantageous sale of any particular piece.

It would appear that the only guide to value would be the sales of neighboring or nearby located property. The City through its expert denies the utility of such a criterion on the ground that virtually all recent sales are by banks or insurance companies who have acquired the properties through foreclosure and are anxious to be rid of them on any conditions and that buyers are willing to take the properties only on the most advantageous terms. This is undoubtedly true. Nevertheless, if these for a considerable period of time are the only buyers and sellers in the market, they are the market rather than a hypothetical dealer, admittedly nonexistent, who will trade on values of a bygone era. An analysis of comparable sales shows a unit-lot valuation far below what the relator is willing to concede to be the value of the property. Opposed to this is a valuation based on the hope that the whole region will be involved in a price rise to values which experience has shown existed only in the minds of the optimistic. Accordingly the value of the building is found to be $10,000 for both taxable years and the land $230,000 for 1942/43 and $190,000 for 1943/44.

Costs to relator; settle final order accordingly.